# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

FRANK A. TRAMER and
CELESTE J. TRAMER,

Case No. 11-11147-RGM
(Chapter 7)

      Debtors.

## MEMORANDUM OPINION

THIS CASE is before the court on the debtors' motion to avoid, pursuant to §522(f) of the Bankruptcy Code, judgment liens ostensibly encumbering real property owned by the debtor and the co-debtor as tenants by the entirety with the common-law right of survivorship. Three creditors obtained judgments against the debtor alone. Each judgment was docketed in the clerk's office of the circuit court for the county in which the debtors' home is situated.

None of the creditors has a lien on the real property. The real property is owned as tenants by the entirety by the debtor and co-debtor. The judgments are individual judgments against only the husband and, therefore, are not liens against the real property. *Vasilion v. Vasilion,* 192 Va. 735, 740, 66 S.E. 2d 599, 602 (1951); *Oliver v. Givens,* 204 Va. 123, 127, 129 S.E.2d, 661, 663, (1963); *In re Bunker*, 312 F.3d 145, 151, (4th Cir.2002); *In re Cordova*, 73 F.3d 38, 40, (4th Cir.1996). Because the docketing of the judgments did not create liens, §522(f) is not applicable and the motions will be dismissed.

The existence of an unreleased docketed judgment discharged in bankruptcy can create problems for a debtor. It may continue to be reported on creditor reports. It may wrongly give the appearance that property acquired after the bankruptcy is subject to a judgment lien. A debtor is not

1

without a remedy. If a judgment creditor fails to properly and timely mark the judgment "discharged in bankruptcy", or to release it in full, the debtor may file a motion in state court under Va.Code (1950) §8.01-455 which authorizes the circuit court to direct its clerk to mark the judgment "discharged in bankruptcy" upon satisfactory evidence of that fact. Or, the debtor may request this court to issue a rule to show cause why the judgment creditor should not be held in contempt for violating the discharge stay under Bankruptcy Code §524(a).

Virginia law requires a judgment creditor to enter a payment or satisfaction, in whole or in part, on the judgment docket. Va.Code (1950) §8.01-454; *In re Chen*, 351 B.R. 355, 363 (Bankr.E.D.Va, 2006). *See Leasing Serv. Corp. v. Justice*, 243 Va. 441 (1992) (creditor not ordered to release pre-petition lien because lien remained effective as to property fraudulently conveyed by debtor before filing bankruptcy; burden of proof that there was no property subject to lien was on debtor).[1] A judgment discharged in bankruptcy should be marked "discharged in bankruptcy" as to the judgment debtor who has been discharged in bankruptcy. The significance of a "discharged in bankruptcy" notation on the judgment lien docket is that it tells the public that the debtor no longer has a personal liability on the judgment and that the judgment is discharged as to him. Bankruptcy Code §524(a)(1). However, if a lien attached to property before the bankruptcy was filed, the judgment lien will survive bankruptcy. *FDIC v. Davis,* 733 F.2d 1083, 1085 (4th Cir.1984) (lien also attached to fraudulently conveyed property); *In re Rountree*, 448 B.R. 389 (Bankr.E.D.Va. 2011); *Trammel v. Trammel* (*In re Trammel)*, 63 B.R. 878, 882 (Bankr.E.D.Va. 1986). A judgment

---

[1] In this case, the debtor had allegedly fraudulently conveyed real property that would have been subject to the creditor's judgment lien before the lien was docketed. *Matney v. Combs,* 171 Va. 244, 250-251, 198 S.E. 469, 472 (1939). While the bankruptcy trustee filed an adversary proceeding seeking to avoid the transfer, the adversary proceeding was dismissed without explanation. Since the record was not clear that the dismissal was on the merits, there was insufficient evidence that there had not been a fraudulent conveyance and the judgment lien would still attach to the property if it had been fraudulently conveyed.

docketed pre-petition will not attach to property a debtor acquires post-petition because the debtor's personal liability has been discharged. *See* Bankruptcy Code §524(a)(1) (discharge voids any judgment to the extent it is a personal liability) and Va.Code (1950) §8.01-458 (lien attaches to all real estate debtor owns or becomes possessed or entitled to from time judgment is docketed).

A judgment creditor's failure to release a docketed judgment may also violate the discharge stay under §524(a) of the Bankruptcy Code. It may cause a debtor to pay the debt because it appears, wrongly, to be a lien on any future property the debtor may acquire or otherwise be an act to collect a debt.

In this case, the individual judgments do not attach to the real property held by tenants by the entirety and the motion will be denied.

Alexandria, Virginia
July 8, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Lois Ilaine Upton
Robert O. Tyler

16942